UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT EVANS MAHLER, | Case No. 6:20-cv-02016-MK |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| MCKENZIE-WILLAMETTE MEDICAL CENTER; OREGON MEDICAL GROUP; and DOES 1–20, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

*Pro se* Plaintiff Robert Mahler filed this lawsuit on November 19, 2020. *See* ECF No. 1.

For the reasons that follow, this case should be DISMISSED.

Page 1 — FINDINGS AND RECOMMENDATION

## BACKGROUND

According to the Complaint, on February 19, 2019, Plaintiff was admitted for a shoulder surgery under Defendants medical care . Compl. ¶ 10, ECF No. 1. Plaintiff alleges that he requested, and Defendants agreed, to place him under anesthesia immediately after being dressed for surgery to prevent a vasovagal response. Compl. ¶ 11. On the day of surgery, however, Defendants failed to inform Plaintiff of a change in the surgery schedule and failed to administer anesthesia upon arrival into the pre-operation room. Compl. ¶ 15. Consequently, Plaintiff experienced a vasovagal response, undue anxiety, fear, uncertainty, and physical and mental injury. Compl. ¶ 13. Plaintiff alleges that Defendants acted negligently, violated the Americans with Disability Act, and intentionally inflicted emotional distress upon him. Compl. ¶¶ 19–44.

Plaintiff filed his complaint on November 19, 2020. *See* ECF No. 1. Defendant Oregon Medical Group moved to dismiss Plaintiff's claim in April 2021, and Defendant McKenzie-Willamette Medical Center moved for judgment on the pleadings the following month. *See* ECF Nos. 14, 18. Plaintiff requested, and the Court granted, an extension of time to respond to Defendants' motions permitting Plaintiff until July 20, 2021 to oppose the motions. ECF Nos. 19, 22. Plaintiff did not file a response within that timeframe. On October 1, 2021, the Court issued the following order to show cause:

> On [May 14, 2021], Plaintiff sought an extension of time to respond to Defendant McKenzie-Willamette Medical Center's Answer, and Oregon Medical Group's Rule 12 Motion. The Court granted the motion and ordered Plaintiff to file a response by [July 20, 2021], with optional replies to be filed by Defendants by [August 3, 2021]. As of the date of this Order, Plaintiff has failed to respond to Defendants' submission, which now includes a motion for a judgment on the pleadings by Defendant McKenzie-Willamette Medical Center. Within fourteen (14) days of the entry of this order, Plaintiff is ordered to show cause in writing within why the Court should not dismiss this case for failure to prosecute.

> *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). Failure to respond will result in dismissal of this action.

ECF No. 22 (docket citations omitted). As of the date of this Findings and Recommendation, Plaintiff has not filed responses to Defendants' motions and has not submitted a response to the Court's order to show cause. *See* Docket, Case No. 6:20-cv-02016-MK.

## STANDARD OF REVIEW

Federal courts possess the undisputed authority to control their dockets and dismiss a case that a plaintiff fails to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Federal Rule of Civil Procedure 41(b) allows for dismissal of an action for failure to prosecute. A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "[D]ismissal for failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." *Gierloff v. Ocwen*, No. 6:15-cv-01311-MC, 2017 WL 815118, at *1 (D. Or. Mar. 1, 2017) (citation omitted).

In determining whether to dismiss for failure to prosecute or comply with a court order, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## DISCUSSION

Dismissal is appropriate in this case for at least two reasons. First, Plaintiff's failure to respond to the Court's show cause order itself weighs in favor of dismissing this action. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990); *Ghazali v. Moran*,

46 F.3d 52, 54 (9th Cir. 1995); Fed. R. Civ. P. Rule 41(b). Second, as discussed in more detail below, the *Pagtalunan* five-factor test also strongly favors dismissal.

The public's interest in expeditious resolution of litigation and the Court's need to manage its docket favor dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance . . . ."). Plaintiff has not participated in this lawsuit since May 2021, failed to respond to Defendants' motions, and failed to respond to the Court's order to show cause. The first two factors therefore favor dismissal.

Plaintiff has "offered no clear explanations of what actions he . . . took during the relevant time period[]." *Pagtalunan*, 291 F.3d at 643. The Court thus finds the third factor weighs in favor of dismissal. *Id.*

With respect to the availability of less drastic alternatives, the Court has already employed the less drastic alternative of issuing a show cause order. Plaintiff failed to take advantage of this alternative and did not respond. Accordingly, this factor also weighs in favor of dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (finding the requirement that the court consider less drastic alternatives may be satisfied by warning the litigant that failure to obey court order will result in dismissal).

Finally, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only minimally because Plaintiff's failure to prosecute or to respond to the Court's order to show cause severely impairs disposition on the merits, *see United States ex rel. Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053–54 (D. Or. 2011). Importantly, the fifth factor alone cannot outweigh the other four. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

In sum, although public policy favors disposition on the merits, Plaintiff's failure to prosecute this case has obstructed the Court's ability to reach the merits. All other factors weigh in favor of dismissal. Accordingly, the district judge should dismiss this action for lack of prosecution and for failure to comply with court orders. *See Pagtalunan*, 291 F.3d at 642; *see also Richardson v. Navient* Sols., LLC, No. 2:17-cv-00891-SU, 2017 WL 4052180, at *2 (D. Or. Aug. 22, 2017) (finding the plaintiff's failure "to oppose defendant's [motion to dismiss], to prosecute, and to comply with the Order to Show cause [were] sufficient grounds to dismiss" case), *adopted*, 2017 WL 4050316 (D. Or. Sept. 13, 2017).

## RECOMMENDATION

For the reasons above, because Plaintiff has failed follow court orders and failed to prosecute his case, the Complaint should be DISMISSED without prejudice and a judgment should be prepared.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 26th day of October 2021.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge